IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**FIRST INTERSTATE BANK, a
Montana State chartered bank,
as successor in interest by
merger to Bank of the
Cascades,**

       **Plaintiff,**

v.

**SOSCO AVIATION, LLC, an Ohio
limited liability company, and
HAROLD SOSNA,**

       **Defendants.**

3:20-cv-01649-BR

OPINION AND ORDER

**BRUCE H. CAHN**
Lane Powell PC
601 S.W. Second Ave., Ste. 2100
Portland, OR 97204
(503) 778-2100

       Attorneys for Plaintiff

**BROWN, Senior Judge.**

    This matter comes before the Court on Plaintiff First Interstate Bank's Motion (#37) for an Award of Attorneys' Fees and Costs and Bill of Costs (#39). For the reasons that follow, the Court **GRANTS as modified** Plaintiff's Motion for Attorneys'

1 - OPINION AND ORDER

Fees and **AWARDS** Plaintiff attorneys' fees of **$78,515.55** and paralegal fees of **$631.40**. The Court also **AWARDS** Plaintiff costs of **$2,455.80**.

## BACKGROUND

On September 22, 2020, Plaintiff filed a Complaint and alleged claims for breach of loan documents and breach of a personal guarantee against Defendants SOSCO Aviation, LLC; Harold Sosna; and Premier Health Care Management, LLC. Plaintiff initially sought damages in excess of $4,880,050.00.

On November 17, 2020, Plaintiff voluntarily dismissed its claims against Premier without costs or fees.

On December 30, 2020, Plaintiff filed a First Amended Complaint (#22) naming only SOSCO and Sosna as defendants and reduced the damages sought to approximately $1,866,836.00.

Defendants were served with Summons and Complaint, but neither Defendant filed an Answer or other appearance within the time required by law.

On March 25, 2021, Plaintiff filed a Motion (#30) for Entry of Default against Defendants.

On March 29, 2021, the Court granted Plaintiff's Motion and entered an Order of Default against Defendants. The Court also directed Plaintiff to submit a proposed form of default judgment

2 - OPINION AND ORDER

for the Court's consideration.

On April 14, 2021, the Court entered Default Judgment (#36) in favor of Plaintiff and against Defendants for damages in the amount of $1,824,321.09.

On April 28, 2021, Plaintiff filed a Motion (#37) for an Award of Attorneys' Fees and Costs and a Bill of Costs (#39). Plaintiff seeks attorneys' fees in the amount of $79,609.95 and costs in the amount of $2,455.80.

## DISCUSSION

### I. Plaintiff is entitled to reasonable attorneys' fees.

As noted, Plaintiff alleges claims for breach of loan documents and breach of a personal guarantee. Plaintiff's claims are based on its loan of $5,000,000.00 to SOSCO. SOSCO executed a Promissory Note to secure the loan, SOSCO used the loan proceeds for the purchase of a Cessna aircraft, and SOSCO's obligation to pay the Note was guaranteed by a Personal Guaranty of Payment executed by Defendant Sosna. Plaintiff also obtained a security interest in the aircraft.

SOSCO ultimately defaulted on the payments required under the Note. Plaintiff made a demand for payment to SOSCO and, pursuant to the Guaranty, also made a demand to Sosna for payment of the remaining obligation on the Note. When neither

3 - OPINION AND ORDER

SOSCO nor Sosna responded, Plaintiff filed this action.

Plaintiff subsequently foreclosed its security interest in the aircraft, sold the aircraft in a private sale, and applied the proceeds of the sale to offset the obligations of SOSCO and Sosna on the Note.

Plaintiff seeks recovery of attorneys' fees pursuant to Oregon Revised Statutes §§ 20.083 and 20.096(1) and under the Note provision for recovery of reasonable attorneys' fees in the event of default. In addition, the Guaranty signed by Sosna included a right to recover attorneys' fees incurred in enforcing his obligations under the Guaranty.

As noted, on April 14, 2021, the Court entered Default Judgment in favor of Plaintiff and against Defendants.

Accordingly, on this record the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs.

**II. Plaintiff is entitled to attorneys' fees and paralegal fees in the amount of $79,122.35.**

Plaintiff seeks a total of $79,609.95 in attorneys' fees and paralegal fees incurred when it enforced its rights under the Note and Guaranty.

**A. Standards**

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the

guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service

> properly; (4) the preclusion of other employment
> by the attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is
> fixed or contingent; (7) any time limitations
> imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of
> the attorneys; (10) the undesirability of the
> case; (11) the nature and length of the
> professional relationship with the client; and
> (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for its award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

   B.   **Time Expended in Connection with Plaintiff's Action**

Plaintiff seeks to recover attorneys' fees and paralegal fees for the time attorneys David Criswell, Bruce Cahn, Lisa Poplowski, Rebecca Mares, and Andrew Geppert and paralegals Ruth Peake and Carole Brock spent in the handling of Plaintiff's claims against Defendants. The hourly billing records for the services rendered by the attorneys and paralegals were submitted with the Declaration of Bruce Cahn (#38). Those records reflect a total of 185.5 hours (181.4 hours by the attorneys and 4.1 hours by the paralegals) spent in the handling of this case.

Even though Defendants have not objected to Plaintiff's requests, the Court has an independent duty to review a motion for attorneys' fees for reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). *See also Cruz v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

The records submitted by Plaintiff in support of its

request indicate the attorneys and paralegals engaged in significant efforts to investigate and to negotiate Plaintiff's claims before filing this lawsuit; reviewed loan documents, lease agreements, guaranty documents, security agreements, UCC registration agreements, and other documents regarding the claims; filed the Complaint and Amended Complaint; prepared service documents; prepared pleadings related to the Motion for Default; performed legal research; corresponded and met with the client; analyzed issues regarding aircraft valuation, maintenance, sales brokers, insurance coverage, and personal guarantees; drafted communications to Defendants; prepared pleadings for entry of default and judgment; and drafted this Motion for an Award of Attorneys' Fees and Bill of Costs. Attorney Cahn specifically states in his Declaration that the liquidation and sale of the aircraft by means of a Uniform Commercial Code Article 9 foreclosure sale involved the assignment of related contracts with another entity and protective advances for maintenance work done on the aircraft, and there was also an out-of-state receivership related to Defendant Premier who was later dismissed as a party due to commencement of the receivership.

On this record the Court concludes the time spent by the attorneys and paralegals on this matter was reasonable.

### C. Requested Hourly Rates for Attorneys

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey published in 2017 as its initial benchmark. Attorneys may also argue for higher rates based on inflation, specialty, or any number of other factors.

#### 1. Attorney Criswell

Attorney Criswell requests an hourly rate of $495 for his time. Criswell is a senior partner at Lane Powell P.C. and has over 32 years of experience focusing on business bankruptcy, corporate restructuring, loan workouts, insolvency, and real estate. Criswell has represented Plaintiff since 2005 and was the primary attorney representing Plaintiff in connection with the enforcement of the security interest in the aircraft, which secured the loan and was guaranteed by Sosna. Criswell billed 58.9 hours in connection with this matter.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $413 and $610 per hour. As noted, the rate sought by Criswell is $495 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly

9 - OPINION AND ORDER

rate of $495 for attorney Criswell is reasonable. The Court, therefore, awards Plaintiff attorneys' fees of $29,155.50 for Criswell (58.9 hrs. x $495/hr.).

    **2.    Attorney Cahn**

Attorney Cahn requests an hourly rate of $500 for his time. Cahn has over 30 years of experience as an attorney and focuses on commercial litigation, construction, creditors' rights, and real-estate transactions. Cahn was the primary attorney handling this case and billed a total of 26 hours.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $394 and $525 per hour. As noted, the rate sought by Cahn is $500 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $500 for attorney Cahn is reasonable. The Court, therefore, awards Plaintiff attorneys' fees of $13,000.00 for Cahn (26 hrs. x $500/hr.).

    **3.    Attorney Poplowski**

Attorney Poplowski requests an hourly rate of $400 for her time. Poplowski has nine years of experience as a business attorney and focuses on mergers and acquisitions, securities, corporate finance, governance, and aviation law.

Poplowski was involved in the sale of the aircraft security in this matter and billed a total of 52.1 hours.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $282 and $400 per hour. As noted, the rate sought by Poplowski is $400 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $400 for attorney Poplowski is reasonable. The Court, therefore, awards Plaintiff attorneys' fees of $20,480.00 for Poplowski (51.2 hrs. x $400/hr.).

    **4.   Attorney Geppert**

Attorney Geppert requests an hourly rate of $346.50 for his time. Geppert has four years of experience as an attorney and focuses on commercial litigation and creditors' rights. Geppert billed a total of 42 hours.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $249 and $350 per hour. As noted, the rate sought by Geppert is $346.50 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $346.50 for attorney Geppert is reasonable. The Court

therefore, awards Plaintiff attorneys' fees of $14,617.80 for Geppert (42 hrs. x $346.50/hr.).

     **5.     Attorney Mares**

Attorney Mares requests an hourly rate of $382.50 for her time. Mares has seven years of experience as an aviation attorney and focuses on acquisition, disposition, operation, and leasing and financing of business and commercial aircraft. Mares was involved in the sale of the aircraft security and billed a total of 3.3 hours.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $282 and $400 per hour. As noted, the rate sought by Mares is $382.50 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $382.50 for attorney Mares is reasonable. The Court, therefore, awards Plaintiff attorneys' fees of $1,262.25 for Mares (3.3 hrs. x $382.50/hr.).

    **D.   Requested Hourly Rate for Paralegals**

The Court relies on the National Utilization and Compensation Survey Report published by NALA - The Paralegal Association (NALA) in 2018 to determine the reasonable hourly rate for paralegals.

12 - OPINION AND ORDER

1.  **Paralegal Peake**

Plaintiff requests an hourly rate of $282.60 for Paralegal Peake's time. Attorney Cahn states in his Declaration that Peake has over 25 years of experience as a litigation paralegal and assisted with the preparation of Plaintiff's filings. Plaintiff has not submitted any support for the hourly rate sought for Peake.

The NALA survey indicates in the Far West Region (which includes Oregon) the hourly billing rate for paralegals with comparable years of practice (over 25 years) is $154 per hour.

This case involved a commercial loan issue, and Peake billed a total of 2 hours assisting in this case.

On this record and in light of the NALA Survey, the Court concludes an hourly rate of $154 per hour for Paralegal Peake's time is reasonable. The Court, therefore, awards Plaintiff paralegal fees in the amount of $308.00 for Peake (2 hrs. x $154/hr.).

2.  **Paralegal Brock**

Plaintiff requests an hourly rate of $252 for Paralegal Brock's time. Attorney Cahn states in his Declaration that Brock has over 30 years of experience as a real estate, creditors' rights, and bankruptcy paralegal and assisted with

reviewing loan documents.  Plaintiff has not submitted any support for the hourly rate sought for Brock.

The NALA survey indicates in the Far West Region (which includes Oregon) the hourly billing rate for paralegals with comparable years of practice (over 25 years) is $154 per hour.

This matter involved a commercial loan issue, and Paralegal Brock billed a total of 2.1 hours assisting in this case.

On this record and in light of the NALA Survey, the Court concludes an hourly rate of $154 per hour for Paralegal Brock's time is reasonable.  The Court, therefore, awards Plaintiff paralegal fees in the amount of $323.40 for Brock (2.1 hrs. x $154/hr.).

In summary, the Court **AWARDS** Plaintiff attorneys' fees in the amount of **$78,515.55** and paralegal fees in the amount of **$631.40** for a total of **$79,146.95**.

## PLAINTIFF'S COSTS

Plaintiff requests an award of costs in the amount of $2,455.80 comprised of the filing fee ($400.00) and service of process fees (2,055.80).

Absent a showing of circumstances not relevant here, an

14 - OPINION AND ORDER

award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).

Here the costs for which Plaintiff seeks recovery are items

allowed under § 1920.  Accordingly, the Court awards costs to Plaintiff in the amount of **$2,455.80.**

## CONCLUSION

For these reasons the Court **GRANTS as modified** Plaintiff's Motion (#37) for an Award of Attorney Fees and Costs and **AWARDS** Plaintiff attorneys' fees of **$78,515.55** and paralegal fees of **$631.40.**  The Court also **AWARDS** Plaintiff costs of **$2,455.80** as set out in Plaintiff's Bill of Costs (#39).

IT IS SO ORDERED.

DATED this 19th day of May, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge